UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Connie Crawford-Murray,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Target Corporation; et al.,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-00233-RFB-DJA<br><br>**Order** |

　　　　Before the Court is Defendant Target Corporation's motion to seal (ECF No. 40). The Court finds that Defendant has demonstrated compelling reasons to seal, but only for a portion of the documents it seeks to seal. The Court thus grants Defendant's motion to seal in part and denies it in part.

**I.　　Legal Standard.**

　　　　There is a strong presumption of public access to judicial records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The standard applicable to a motion to seal turns on whether the underlying materials are submitted in conjunction with a dispositive or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

　　　　Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such

1  'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The burden to show compelling reasons is not met by conclusory assertions; rather, the movant must "articulate compelling reasons supported by specific factual findings." *Id.* at 1178. For example, the Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Id.* at 1182. Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Id.* In allowing the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *E.g., Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterp. Co. v. Superior Court*, 464 U.S. 501, 513 (1984)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

"[T]he mere fact that the parties' settlement agreement may contain a confidentiality provision, without more, does not constitute a compelling reason to seal the information." *Helix Environmental Planning Inc. v. Helix Environmental and Strategic Solutions*, No. 3:18-cv-02000-AJB-AHG, 2021 WL 120829, at *1 (S.D. Cal. Jan. 13, 2021); *see also FTC v. AMG Servs.*, No. 2:12-cv-00536-GMN-VCF, 2020 U.S. Dist. Lexis 232231, at *5 (D. Nev. Dec. 10, 2020) ("the confidentiality of the settlement agreement alone does not provide a compelling reason to seal").

That is particularly true in the context of a motion to enforce settlement, as the local rules put the parties on notice that the Court may order the disclosure of otherwise confidential information as part of the resolution of that motion. *See* Local Rule 16-5. The logic behind this approach is clear: although parties to a confidential settlement agreement may prefer to keep its terms secret, "once they turn to the federal court to resolve their disputes ... the public administration of justice demands transparency." *Avocados Plus Inc. v. Freska Produce Int'l LLC*, No. 2:19-cv-06451-RGK-JC, 2019 WL 12345580, at *2 (C.D. Cal. Oct. 8, 2019) (quoting *Polaris Innovations Ltd. v. Kingston Tech. Co.*, No. SA CV 16-00300-CJC(RAOx), 2017 WL 2806897, at *7 (C.D. Cal. Mar. 30, 2017)). At the same time, courts recognize the general benefits of keeping settlement discussions and settlements confidential when feasible. *See, e.g.*, *U.S. E.E.O.C. v. ABM Indus. Inc.*, No. 1:07-cv-01428 LJO JLT, 2010 WL 582049, at *2 (E.D. Cal. Feb. 12, 2010) ("Confidentiality of the mediation process encourages settlement" (citing *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998)). Moreover, courts are loath to reward gamesmanship whereby a litigant seeking to challenge a confidentiality provision can defeat such confidentiality simply by requiring the filing of a motion to enforce. *Cf. Wells Fargo Bank, N.A. v. Saticoy Bay LLC Series 3948 Applecrest*, No. 2:17-cv-01360-APG-VCF, 2020 WL 2311560, at *2 (D. Nev. Apr. 23, 2020) (noting that "[i]f Saticoy had not acted in bad faith and signed the settlement agreement, then the settlement amounts and negotiations would have remained confidential"). In addition, courts must balance the parties' need for secrecy against the public's interests in transparency, including its interest in "understanding the judicial process." *Pintos*, 605 F.3d at 679 & n.6. Given all of these considerations, some courts have taken a middle approach in the context of a motion to enforce a settlement whereby the terms of settlement pertinent to analyzing the motion to enforce will not be kept secret, but the terms that are irrelevant to the motion to enforce will be kept secret. *See United States ex rel. Lesnik v. Eisenmann SE*, No. 16-cv-01120-LHK, 2021 WL 2092944, at *3 (N.D. Cal. May 11, 2021); *see also Pizza v. Fin. Indus. Regul. Auth., Inc.*, No. 13-cv-0688 MMC (NC), 2015 WL 1383142, at *2 (N.D. Cal. Mar. 19, 2015).

## II.     Discussion.

Defendant moves to seal Exhibit D to the affidavit of Julie Funai, Esq.'s affidavit in support of Defendant's motion to enforce settlement, which is the parties' proposed settlement agreement and release.  (ECF No. 40).  Plaintiff opposes, asserting that, while the portions of the release unrelated to the dispute over settlement should remain sealed, the portion related to the dispute—the confidentiality provision—should not.  (ECF No. 42).  In reply, Defendant asks for the first time that the Court seal its entire motion to enforce settlement *and* its motion to seal.  (ECF No. 43).

Plaintiff has the more persuasive argument.  While the Court finds compelling reasons to seal the portions of the parties' proposed settlement agreement and release not related to the instant dispute, it does not find compelling reasons to seal anything else.  The Court will thus grant Defendant's motion in part and deny it in part.  It grants the motion to the extent Defendant seeks to seal portions of the settlement agreement and release other than the confidentiality provision.  It denies the motion in all other regards.

The Court will further order that Defendant file a copy of its motion to enforce settlement (ECF No. 41), the affidavit of Julie Funai, Esq. (ECF No. 41-1), and exhibits A, B, and C (ECF Nos. 41-2, 41-3, and 41-4) on the public docket.  Defendant must also file a redacted copy of the settlement agreement and release on the public docket, with the confidentiality provision that the parties dispute left unredacted.  (ECF No. 41-5).

**IT IS THEREFORE ORDERED** that Defendant's motion to seal (ECF No 40) is **granted in part and denied in part as outlined herein.**  On or before **May 9, 2024**, Defendant must file the following on the public docket:

- A copy of its motion to enforce settlement (ECF No. 41).
- The affidavit of Julie Funai, Esq. (ECF No. 41-1).
- Exhibits A, B, and C to the motion to enforce settlement (ECF Nos. 41-2, 41-3, and 41-4).

- A redacted copy of the settlement agreement and release attached as Exhibit D to the motion to enforce settlement, with the confidentiality provision that the parties dispute left unredacted. (ECF No. 41-5).

DATED: April 19, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE